Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | Michael T. Mason |
|---|---|---|---|
| **CASE NUMBER** | 03 C 2182 | **DATE** | 11/26/2003 |
| **CASE TITLE** | U.S. SEC vs. Custable et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached Memorandum Opinion and Order, defendants Suburban Capital Corp., Sara Wetzel and Frank J. Custable, Jr.'s motion to compel discovery [68-1] is denied. Enter Memorandum Opinion and Order. Initial status hearing before Magistrate Judge Mason is set for 12/17/03 at 9:00 a.m. in courtroom 2214. The parties shall deliver a copy of an initial status report providing the information required by the enclosed Order Setting Initial Status Report to the Courtroom Deputy (Room 2220) by 12/12/03.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 3 | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | DEC 0 1 2003 | |
| | Notified counsel by telephone. | | date docketed | 86 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | | 11/26/2003 | |
| | KF  courtroom deputy's initials | 03 NOV 27 PM 1:51 Date/time received in central Clerk's Office | date mailed notice  KF  mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 03 C 2182<br>) |
| FRANK J. CUSTABLE, JR., SARA WETZEL SUBURBAN CAPITAL CORPORATION, FRANCIS SCOTT WIDEN, WASATCH PHARMACEUTICAL, INC., DAVID GILES, GARY HEESCH, PACEL CORPORATION, DAVID CALKINS, GATEWAY DISTRIBUTORS, LTD., RICHARD BAILEY, and THERMOELASTIC TECHNOLOGIES, INC. | )<br>) Hon. Joan B. Gottschall<br>)<br>) Mag. Judge Michael T. Mason<br>)<br>)<br>)<br>) |
| Defendants, | )<br>) |
| PINE SERVICES, LTD., SOTHIS III, LDC, and ACTIVE INVESTMENTS, INC., | )<br>)<br>) |
| Relief Defendants. | ) |

DOCKETED
DEC 0 1 2003

## MEMORANDUM OPINION AND ORDER

Michael T. Mason, United States Magistrate Judge:

Plaintiff, the United States Securities and Exchange Commission ("SEC"), has sued defendants Suburban Capital Corp., Frank J. Custable, Jr. and Sara Wetzel ("defendants") and others for federal security law violations. The SEC's action was based in part on information provided by Bradley Nordling during a proffer meeting at the United States Attorney's Office for the Northern District of Illinois. Before us is defendants' motion to compel discovery, requesting that we order the SEC to produce "all notes, testimony, transcripts, recordings, memorandum or other information and documentation related to

the proffer interview with Bradley Nordling." The SEC has already produced Nordling's declaration and has represented to the court that to the best of its knowledge Nordling's proffer meeting was not transcribed or recorded. Therefore, the only documents at issue in this motion are SEC counsel, Jerome Thomas', eight pages of handwritten notes from Nordling's proffer meeting. For the following reasons defendants' motion to compel is denied.

On March 12, 2003, SEC counsel, Jerome Thomas, attended Bradley Nordling's proffer meeting. During that meeting Thomas made eight pages of handwritten notes which he later used to prepare Nordling's declaration. The declaration was filed in support of the SEC's security law violation claims as Exhibit 9 to the SEC's complaint. Defendants are now requesting that the SEC produce Thomas' notes because they are relevant, non-privileged documents subject to discovery. The SEC objects to producing the notes citing among other privileges, the work product doctrine. We find an analysis of the work product doctrine dispositive of this motion and therefore will not address the SEC's other privilege assertions or defendants' arguments against application of those privileges.

Thomas' handwritten notes are unquestionably relevant to this case, however, the work product doctrine protects otherwise discoverable documents and tangibles from production. Fed. R. Civ. P. 26(b)(3). A document qualifies for work product protection if the party asserting the privilege establishes that the document was prepared or obtained in anticipation of litigation by a party or its counsel. *Caremark, Inc. v. Affiliated Computer Services, Inc.*, 195 F.R.D. 610, 613 (N.D. Ill. 2000). Documents covered by this privilege are only discoverable if the requesting party can show that it has a substantial need for the materials and is unable, without undue hardship, to obtain such information. Fed. R. Civ.

P. 26(b)(3). If this standard is met, the court must still protect against the disclosure of any mental impressions, conclusions, opinions or legal theories of a party's attorney. Fed. R. Civ. P. 26(b)(3). Information that is merely factual may not be withheld under the work product doctrine, but must be made available, if not through the production of otherwise protectible documents, then through interrogatories and depositions. *Allen v. Chicago Transit Authority*, 198 F.R.D. 495, 500 (N.D. Ill. 2001).

Thomas' eight pages of handwritten notes were prepared by the SEC's counsel in anticipation of litigation and thus are protected by the work product doctrine. We are not persuaded by defendants' attempt to overcome the privilege by arguing that they have a substantial need for the notes and are unable to obtain the requested information without undue hardship. Defendants argue that because the proffer meeting was not recorded, Nordling's notes are the only means of determining what was said at the proffer meeting. We do not agree. Defendants have Nordling's Declaration which contains a summary of what was said at the proffer meeting. Moreover, defendants can depose Nordling and ask him exactly what he said at the proffer meeting without any undue hardship.

For the reasons stated above, defendants's motion is denied and the SEC does not have to produce Thomas' eight pages of handwritten notes from Nordling's proffer meeting. However, to the extent the SEC possessed any other non-privileged documents responsive to defendants' request for documentation related to Nordling's proffer meeting, it must produce them. It is so ordered.

ENTER:

MICHAEL T. MASON
United States Magistrate Judge

Dated: November 26, 2003