UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, Plaintiff, v. FRANK J. CUSTABLE, JR., et al., Defendants. | Civil Action No: 03 C 2182 Judge Gottschall Magistrate Judge Valdez |

## CONSENT TO FINAL JUDGMENT BY DEFENDANT ROBERT BLAGMAN

1. Defendant Robert Blagman ("Defendant") acknowledges having been served with the Second Amended Complaint in this action, enters a general appearance, and admits the Court's jurisdiction over them and over the subject matter of this action.

2. Without admitting or denying the allegations of the Second Amended Complaint (except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the final judgment against them in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

   a. orders Defendant to pay disgorgement in the amount of $250,000, plus prejudgment interest thereon in the amount of $83,934;

   b. orders Defendant to pay a civil penalty in the amount of $50,000, pursuant to Section 20 of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. §

c.  permits payment of these monetary obligations to be made in installments over a 360 day period from entry of the Final Judgment, as specified in the Final Judgment; and

d.  permanently restrains and enjoins Defendant from violations of Section 5(a) and (c) of the Securities Act, 15 U.S.C. § 77e(a) and (c);

3.  Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

4.  Defendant waives the right, if any, to appeal from the entry of the Final Judgment.

5.  Defendant enters into this Consent voluntarily and represent that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendants to enter into this Consent.

6.  Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

7.  Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

8.  Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendants of its terms and conditions. Each of Defendants further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that each of them has received and read a copy of the Final Judgment.

9. Defendant agrees to deposit $20,000.00 into an escrow account, within (30) days of execution of this Consent, to be used to partially satisfy the first installment of the disgorgement portion of the judgment agreed to herein. The escrowed funds shall be treated in accordance with the terms set forth in an escrow agreement executed by Defendant contemporaneously with this Consent, and also in accordance with the terms of the Final Judgment entered by the Court in this case. To the extent that the terms of the Final Judgment are inconsistent with the terms of the escrow agreement, the terms of the Final Judgment shall govern the disposition of such escrowed funds.

10. Defendant agrees that he shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Defendant further agrees that he shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

11. Defendant acknowledges and agrees that this proceeding and his Consent are for the purposes of resolving this proceeding only, in conformity with the provisions of 17 C.F.R. 202.5(f), and do not resolve, affect, or preclude any other proceeding which may be brought against them. Consistent with the provisions of 17 C.F.R. 202.5(f), Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant acknowledge that the Court's entry of a permanent

injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands and agrees that he shall not be permitted to contest the factual allegations of the Second Amended Complaint in this action.

12. Defendants acknowledge that this Consent and Stipulation and the Final Judgment do not bind any agency of government other than Plaintiff Securities and Exchange Commission

13. Defendants understand and agree to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegation in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Defendants agree: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint in this civil action or creating the impression that this civil action is without factual basis; and (ii) that upon the filing of this Consent, Defendants hereby withdraw any papers filed in this civil action to the extent that they deny any allegation in the complaint. If either Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment as to such Defendant and restore this action to its active docket. Nothing in this paragraph affects Defendants': (i) testimonial obligations or (ii) right to take legal or factual positions in any other legal proceedings in which the Commission is not a party.

14. Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to pursue reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that he is not the prevailing party in this action since the parties have reached a good faith settlement.

15. In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Defendant: (i) agrees to appear and be interviewed by Commission staff at such times and places as the staff requests upon reasonable notice; (ii) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (iii) appoints Defendant's undersigned attorney as agent to receive service of such notices and subpoenas; (iv) with respect to such notices and subpoenas, waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses Defendant's travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (v) consents to personal jurisdiction over Defendant in any United States District Court for purposes of enforcing any such subpoena.

16. Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

17. Defendants agree that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: 8/24/09

_____
Robert Blagman

On _____, 2009, Robert Blagman, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

PLEASE SEE ATTACHED "CALIFORNIA ALL-PURPOSE ACKNOWLEDGEMENT"

_____ 8/24/2009
Notary Public
Commission expires:

Approved as to form:

_____
Joseph P. Kincaid
Andrew Weisberg

SWANSON, MARTIN & BELL, LLP
One IBM Plaza, Suite 3300
330 North Wabash
Chicago, Illinois 60611

Attorney for Defendant

# CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of California  
County of _Los Angeles_ }

On _8/24/2009_ before me, _JULIE AUYEUNG LEVTOW, Notary Public_  
    Date                                         Here Insert Name and Title of the Officer

personally appeared _Robert Ian Blajman_  
                                              Name(s) of Signer(s)

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

**JULIE AUYEUNG LEVTOW**  
Commission # 1812116  
Notary Public • California  
Los Angeles County  
My Comm. Expires Oct. 2, 2012

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____  
                         Signature of Notary Public

Place Notary Seal Above

--- OPTIONAL ---

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

**Description of Attached Document**

Title or Type of Document: _Final Judgment As To Defendant_  
Document Date: _8/24/2009_          Number of Pages: _Robert Blajman_  
Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: _____  
☐ Individual  
☐ Corporate Officer — Title(s): _____  
☐ Partner — ☐ Limited ☐ General  
☐ Attorney in Fact  
☐ Trustee  
☐ Guardian or Conservator  
☐ Other: _____

Signer Is Representing: _____

RIGHT THUMBPRINT OF SIGNER  
Top of thumb here

Signer's Name: _____  
☐ Individual  
☐ Corporate Officer — Title(s): _____  
☐ Partner — ☐ Limited ☐ General  
☐ Attorney in Fact  
☐ Trustee  
☐ Guardian or Conservator  
☐ Other: _____

Signer Is Representing: _____

RIGHT THUMBPRINT OF SIGNER  
Top of thumb here

©2007 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402 • www.NationalNotary.org Item #5907 Reorder: Call Toll-Free 1-800-876-6827

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES<br>AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>FRANK J. CUSTABLE, JR., et al.,<br><br>    Defendants. | Civil Action No: 03 C 2182<br><br>Judge Gottschall<br>Magistrate Judge Valdez |

# FINAL JUDGMENT AS TO DEFENDANT
# <u>ROBERT BLAGMAN</u>

The Securities and Exchange Commission ("SEC" or "Commission") having filed a Complaint, First Amended Complaint and Second Amended Complaint (which is the current operative pleading) in this action and defendant Robert Blagman ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Second Amended Complaint (except as to jurisdiction, which Defendant admits); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

**I.**

**[PERMANENT INJUNCTION PROHIBITING VIOLATIONS
OF SECTION 5 OF SECURITIES ACT]**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's officers, directors, subsidiaries, affiliates, successors, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice

of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

    (a)    Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

    (b)    Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

    (c)    Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding of examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

## II.

**[DISGORGMENT, PREJUDGMENT INTEREST, CIVIL PENALTY]**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is ordered to pay disgorgement of $250,000, together with prejudgment interest thereon in the amount of

$83,934, and a civil penalty in the amount of $50,000 pursuant to Section 20(d) of the Securities Act.

Defendant shall satisfy his monetary obligations under this judgment by paying $50,000 within 10 days of entry of the Final Judgment, and then by making four equal quarterly installments of $83,483.50, plus any post-judgment interest that has accrued to the portion to be paid as of the date of each payment, with the first such quarterly payment due 90 days after the date of entry of the judgment and successive payments due every 90 days thereafter. The rate of post-judgment interest shall be calculated in accordance with 28 U.S.C. § 1961.

Each payment shall be made by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Robert Blagman as a defendant in this action. Each letter accompanying a payment shall set forth the title and civil action number of this action and the name of this Court, and specify that the payment is made pursuant to this Final Judgment. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. Defendant shall simultaneously transmit photocopies of such cover letter payment and letter to the SEC's counsel of record in this action. Defendant relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Defendant. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

If Defendant fails to make any payments ordered in this Final Judgment, all outstanding payments under this Final Judgment, including post-judgment interest, shall become due and

payable immediately.  In addition, the Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (or through any other collection procedures authorized by law) for the entire amount of the judgment.  In response to any such civil contempt motion by the Commission, Defendant may assert any legally permissible defense.

In the event that Defendant fails timely to make any payment ordered in this Final Judgment, the Commission may seek expedited discovery concerning Defendant's financial condition, and Defendant shall cooperate in any such discovery efforts, including, without limitation, providing sworn financial statements, financial records and other documents to the Commission within five business days of any such request for documents or a financial statement, and making himself available for a deposition with five business days of any request for a deposition for the purpose of discovering assets or assessing his financial condition.

### III.

### [INCORPORATION OF CONSENT OF DEFENDANT]

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Consent of Defendant, filed in conjunction with the SEC's motion for entry of this Final Judgment, are incorporated in this Final Judgment with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

### IV.

### [RETENTION OF JURISDICTION]

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## V.

## [RULE 54(b) CERTIFICATION]

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

**SO ORDERED:**

_____
UNITED STATES DISTRICT JUDGE

Dated: _____, 2009